Opinion issued February 19, 2009










In The

Court of Appeals

For The

First District of Texas

____________


 NO. 01-08-00567-CR 

____________


ADRIAN TORRES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court 

Jefferson County, Texas

Trial Court Cause No. 0700101






MEMORANDUM OPINION

 Appellant, Adrian Torres, pleaded guilty without an agreed punishment
recommendation from the State to the offense of robbery. The trial court deferred a
finding of guilt, placed appellant on community supervision for a period of 10 years,
and assessed a fine of $1500. The State subsequently filed a motion to adjudicate
guilt, the allegations to which appellant pleaded true. He also signed a written
stipulation of evidence that included a judicial confession. After a presentence
investigation hearing, the trial court found true the State's allegations that appellant
had violated the conditions of his community supervision and found appellant guilty
of robbery. The trial court sentenced appellant to confinement for 20 years. 

 Appellant's counsel on appeal has filed a brief stating that the record presents 
no reversible error, that the appeal is without merit and is frivolous, and that the
appeal must be dismissed or affirmed. See Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, (1967). The brief meets the requirements of Anders by presenting a
professional evaluation of the record and detailing why there are no arguable grounds
for reversal. Id. at 744, 87 S.Ct. at 1400; see also High v. State, 573 S.W.2d 807, 810
(Tex. Crim. App.1978). 

 We affirm the judgment of the trial court and grant counsel's motion to
withdraw. (1) Attorney Tom Maness must immediately send the notice required by
Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk
of this Court.

 Any pending motions are denied as moot.

PER CURIAM


Panel consists of Justices Jennings, Hanks, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).









 
1. Appointed counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Texas Court of Criminal
Appeals. See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).